**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

CARLOS ANTONIO HUTTON,

   Plaintiff,

   v.

WARDEN LOUIS HICKMAN,
ASSISTANT WARDEN JAMES
   BALDERSON,

   Defendants.

Civil Action No.:  ELH-19-3665

**MEMORANDUM**

Self-represented plaintiff Carlos Antonio Hutton, who is currently incarcerated at Eastern Correctional Institution ("ECI"), filed suit pursuant to 42 U.S.C. § 1983 with respect to his pretrial detention at the Somerset County Detention Center ("SCDC" or "Detention Center"). ECF 1. He has sued Warden Louis Hickman and Assistant Warden James Balderson, defendants, claiming that while he was a pretrial detainee, defendants failed to maintain a functional law library and willfully denied Hutton "access to legal information and research materials . . .", which were "pertinent to [his] criminal charges . . ." *Id.* at 2, 3.

Defendants Hickman and Balderson have moved to dismiss or, in the alternative, for summary judgment. ECF 9. The Motion includes a memorandum of law (ECF 9-1) (collectively, the "Motion"), and is supported by exhibits, including the Affidavit of Louis Hickman. ECF 9-7. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court informed Hutton that the failure to file a response in opposition to the defendants' Motion could result in dismissal of his Complaint. ECF 10. To date, Hutton has not filed a response to the Motion.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, I shall construe the Motion as one for summary judgment and grant it.

## I. Factual Background

A. Hutton's Complaint

Hutton, who was previously incarcerated at Somerset County Detention Center, alleges that while he was held there he was prevented from "conducting any substantive legal research pertinent to criminal charges," that were pending against him at the time. ECF 1 at 3. Hutton states that in July 2019, he discovered that the law library books were twenty years old and missing various pages. *Id.*

Plaintiff claims that he filed a grievance concerning the law library in August 2019. *Id.* When he did not receive a formal response, he contacted Balderson. *Id.* Hutton was allegedly advised to contact his attorney with any specific legal questions. *Id.* Over the following months, Hutton continued to complain about the law library. Balderson announced in December 2019 that new legal books had been purchased. *Id.* at 4. But, Hutton complains that inmates were limited to using the library for only one hour per week. *Id.* Further, Hutton complains that when the new books arrived, they were still seven years old, and he was therefore "unable to research current law" that may have affected his criminal case. *Id.* Therefore, Hutton asserts that he was unable to contribute to his own defense in the pending criminal matter. *Id.*

B. The Motion

In support of their Motion, defendants submitted various exhibits, including the Affidavit of defendant Hickman and the SCDC Inmate Handbook. ECF 9-7 (Hickman Affidavit); ECF 9-8 (inmate handbook).

    1. Hutton's criminal charges and incarceration

Hutton was incarcerated at the Detention Center for approximately seven months. ECF 9-6 at 60. On June 14, 2019, he was charged in State district court with various weapons, fraud, and

obstruction offenses, and he was held at the SCDC. *See* ECF 9-3. He was later recharged in circuit court with illegal possession of ammunition; illegal possession of a firearm; illegal possession of a firearm by a felon; illegal possession of a rifle/shotgun; illegal possession of a rifle/shotgun by a felon; obstruction and hindering; and presentation of fraudulent identification. *See* ECF 9-4 at 3-4. Also pending at that time were charges in Virginia as well as a Maryland parole retake warrant. *See* ECF 9-6 at 21, 33, 35-37.

Defense counsel for Hutton entered an appearance on July 23, 2019; additional counsel entered an appearance on December 19, 2019. ECF 9-4 at 5-6, 7. During the pendency of Hutton's criminal case, his counsel filed various motions on his behalf as well as several requests for continuances of his trial date. *See id.* at 3, 6-7. Prior to the trial date of January 13, 2020, Hutton entered a guilty plea for illegal possession of a rifle/shotgun by a convicted felon. *Id.* at 4. He was sentenced to five years' imprisonment. *Id.*

    2.   The Detention Center's law library and legal resources

The Detention Center has a library available to the general inmate population, which also contains a law library. ECF 9-7 at ¶ 2. To access the law library, inmates must submit an Inmate Request Form to schedule a visit, which has a time limit of one hour. ECF 9-8 at 11. When available, staff or inmates knowledgeable in legal matters are available to assist inmates. *Id.*

The Office of the Public Defender visits the Detention Center weekly and the attorneys are available to new inmates and those who have additional charges filled against them. *Id.* at 14. The Detention Center requires that requests for specific information be made to inmates' attorneys. *Id.* at 17. Requests for legal information, other than commitment orders, detainers, and writs of summons, are considered on a case by case basis. *Id.*

Defendants state that in November 2019, the Detention Center updated its law library with current versions of Michie's Annotated Code of Maryland and the Maryland Rules. ECF 9-1 at 5-6; ECF 9-7 at ¶ 3.

## II. Standard of Review

Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). But, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Adams Housing, LLC v. The City of Salisbury, Maryland*, 672 F. App'x 220, 222 (4th Cir. Nov. 29, 2016) (per curiam). However, when the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).[1]

---

[1] In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-

4

In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); *see also Adams Housing, LLC*, 672 F. App'x at 622 ("The court must give notice to ensure that the party is aware that it must 'come forward with all of [its] evidence.'") (citation omitted).

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5 C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.) This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id*. at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id*. at 165, 167.

---

instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); *see also Adams Housing, LLC*, 672 F. App'x at 622 ("The court must give notice to ensure that the party is aware that it must 'come forward with all of [its] evidence.'") (citation omitted).

Generally, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont De Nemours and Co. v. Kolon Industries*, *Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2012); *see Putney v. Likin*, 656 F. App'x 632, 638-39 (4th Cir. July 14, 2016) (per curiam); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

"[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A nonmoving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

If a nonmoving party believes that further discovery is necessary before consideration of summary judgment, the party who fails to file a Rule 56(d) affidavit does so at his peril, because

"'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods*, 302 F.3d at 244 (citations omitted). But, the nonmoving party's failure to file a Rule 56(d) affidavit does not obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id*. (internal citations omitted).

According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Harrods*, 302 F.3d at 244-45 (internal citations omitted); *see also Putney*, 656 F. App'x at 638; *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008). Moreover, "[t]his is especially true where, as here, the nonmoving party is proceeding pro se." *Putney*, 656 F. App'x at 638.

Hutton has not filed any affidavits or other evidence in support of his claims. Moreover, I am satisfied that it is appropriate to address the defendants' Motion as one for summary judgment, because this will facilitate resolution of this case.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020); *Variety Stores, Inc. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018); *Iraq Middle Mkt. Dev. Found v.*

7

*Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017). To avoid summary judgment, the nonmoving party must demonstrate that there is a genuine dispute of material fact so as to preclude the award of summary judgment as a matter of law. *Ricci v. DeStefano*, 557 U.S. 557, 585-86 (2009); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986); *see also Gordon v. CIGNA Corp.*, 890 F.3d 463, 470 (4th Cir. 2018).

The Supreme Court has clarified that not every factual dispute will defeat a summary judgment motion. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248.

There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see CTB, Inc. v. Hog Slat, Inc.*, 954 F.3d 647, 658 (4th Cir. 2020); *Variety Stores, Inc.*, 888 F.3d at 659; *Sharif v. United Airlines, Inc.*, 841 F.3d 199, 2014 (4th Cir. 2016); *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252. But, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [its] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004); *see*

8

*Celotex*, 477 U.S. at 322-24.  And, the court must view all of the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party.  *Ricci*, 557 U.S. at 585-86; *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *accord Hannah P. v. Coats*, 916 F.3d 327, 336 (4th Cir. 2019); *Variety Stores, Inc.*, 888 F.3d at 659; *Gordon*, 890 F.3d at 470; *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249; *accord Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016).  Thus, in considering a summary judgment motion, the court may not make credibility determinations.  *Wilson v. Prince George's Cty.*, 893 F.3d 213, 218-19 (4th Cir. 2018);  *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007).  Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility.  *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).  That said, "a party's 'self-serving opinion ... cannot, absent objective corroboration, defeat summary judgment.'"  *CTB, Inc*., 954 F.3d at 658-59 (quoting *Williams v. Giant Food Inc.,* 370 F.3d 423, 433 (4th Cir. 2004)).  In other words, "[u]nsupported speculation is not sufficient to defeat a summary judgment motion."  *Felty v. Graves-Humphreys Co*., 818 F.2d 1126, 1128 (4th Cir. 1987); *Harris v. Home Sales Co*., 499 F. App'x 285, 294 (4th Cir. 2012).

Because Hutton is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); see Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *accord. Bala v. Cmm'w of Va. Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013). But, the court must abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat,* 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp.*, 477 U.S. at 323-24).

### III. Discussion

Defendants seek judgment in their favor, arguing that it is undisputed that defendants did not violate plaintiff's right of access to the court. ECF 9-1. Defendants contend that, for the purpose of making an access to courts claim, Hutton fails to demonstrate an actual injury in the context of his criminal case, and thus there is no genuine dispute of material fact. ECF 9-1 at 9.

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However, in *Lewis v. Casey*, 518 U. S. 343, 355 (1996), the Supreme Court said:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated

challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 355). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id*. at 399. Regardless of whether a plaintiff is a convicted prisoner or pretrial detainee, an access to courts claim is analyzed by these same standards. *See Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir. 1993) (analyzing a pretrial detainee's access to courts claim under *Bounds*); *Firor v. Hardinger*, 2016 LEXIS 114449 at *5-6 (D.Md. August 24, 2016) (analyzing a pretrial detainee's access to courts claim pursuant to *Bounds* and *Lewis*); *Doe v. DeWees*, TDC-18-2014, 2020 WL 1331902 at *18 (D. Md. March 23, 2020) (same).

In *Christopher v. Harbury*, 536 U.S. 403, 403 (2002), the Court characterized access to courts claims as being in one of two categories. *Id*. at 413-14. The first, termed "forward looking claims," are cases where official action frustrates a plaintiff's ability to bring a suit at the present time. *Jennings v. City of Stillwater*, 383 F.3d 1199, 1208-09 (10th Cir. 2004). The second class, termed "backward looking claims," arises when a plaintiff alleges that a specific claim "cannot be tried (or tried with all the evidence) [because past official action] caused the loss or inadequate settlement of a meritorious case." *Id*. at 1209. In this way, the official action is said to have "'rendered hollow [the plaintiff's] right to seek redress'" in the courts. *Id*. (quoting *Christopher*, 536 U.S. at 415 (brackets in original) (internal citations omitted)).

Whether the claim is one that looks forward or backward, a prisoner claiming he was denied access to the court must ultimately prove that he suffered an actual injury by showing that a

defendant's acts hindered his ability to pursue a nonfrivolous legal claim. Conclusory allegations are not sufficient in this regard. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (denying access to court claim based on allegation that petition for a writ of certiorari had, for unspecified reasons, been dismissed and where plaintiff did not even mention the point on appeal).

The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher*, 536 U.S. at 415. "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*. at 416 (footnote omitted). A prisoner's right of access to the court does not include the right to present frivolous claims. *Lewis*, 518 U.S. at 353 n.3. Moreover, where an inmate has been confined in jail for only a short period and does not show actual injury, he does not state a constitutional violation. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987); *cf. Harris v. Young*, 718 F.2d 620 (4th Cir. 1983) (where inmate confined two and one-half years in jail with inadequate library, fact that he had filed several actions did not establish absence of prejudice in that with adequate library he may have been able to pursue other, meritorious claims); *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993).

Hutton's access to courts claim consists of his allegations that the Detention Center's law library did not provide up-to-date law books, allowed only one-hour visits, and that specific information requests were unfulfilled. ECF 1 at 3, 4. But, there is no evidence that defendants' actions adversely impacted Hutton's ability to defend himself in the criminal proceedings, beyond his general statement that he was "disallowed to contribute to [his] own defense." *Id.* at 4.

The record reflects that Hutton was assisted by counsel throughout his criminal proceedings. And, he had access to the law library, even if it was less frequent than he desired. Notably, Hutton does not present information as to a meritorious defense in the criminal case that

12

was impeded by defendants. Thus, he fails to show that he suffered any actual injury as a result of the condition of the law library books or his access to the library generally.

Hutton has not suffered any discernible injury. Therefore, his constitutional right of access to the courts was not violated.

### IV. Conclusion

Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF 9), construed as a summary judgment motion, is GRANTED. Judgment will be entered in favor of defendants.

An Order follows.

December 23, 2020 /s/
Date Ellen L. Hollander
United States District Judge